816 F.2d 674
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Alfred MASTERS, Appellant,
and
John W. Olive; Robert F. Duncan; Ronald T. Dean, d/b/a
Mass Comm Enterprises, and David W. Mathes, d/b/a
The Mathes Co.; Music Masters, Ltd.;
Masters Financial, Inc., Defendants.
 No. 85-2386.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 23, 1986.
Decided April 10, 1987.
 
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Alfred Masters, appellant pro se.
 Roger M. Olsen, Acting Assistant Attorney General, Michael L. Paup, Chief, Appellate Section, Richard Farber, Laurie A. Snyder, Tax Division, United States Department of Justice, for appellee.
 PER CURIAM:
 
 
 1
 Alfred R. Masters appeals the judgment below enjoining Alfred Masters, Music Masters, Ltd., and Masters Financial, Inc., for violations of 26 U.S.C. Sec. 6700, Promoting Abusive Tax Shelters, etc. Because corporations cannot appeal pro se, Alfred Masters remains as the sole appellant.
 
 
 2
 Masters is president and 50% shareholder of the two corporations. The three defendants below were found by the district court to be in violation of I.R.C. Sec. 6700, both by making gross overevaluation statements and by making material false statements regarding tax benefits. These violations arose out of a tax shelter scheme involving the purchase and leasing of music masters recordings.
 
 
 3
 On appeal, Masters raises the following issues:
 
 
 4
 (1) that the adjudication below infringed upon the rights of the taxpayer participants in the leasing scheme;
 
 
 5
 (2) that the two corporations were not organized to promote tax shelters, and were incorporated prior to the effective date of 26 U.S.C. Sec. 6700;
 
 
 6
 (3) that the government's expert witness should not have been qualified as an expert on valuation of masters;
 
 
 7
 (4) that the district court relied on an improper method of assessing the value of the masters;
 
 
 8
 (5) that the district court should have demanded that the government prove its case by clear and convincing evidence, rather than by a preponderance of the evidence;
 
 
 9
 (6) that the defendants made a good faith attempt to comply with the law;
 
 
 10
 (7) that 26 U.S.C. Sec. 6700 is too vague, and that insufficient case law and regulations exist to justify imposition of liability; and
 
 
 11
 (8) that Masters should have received a jury trial, and his First Amendment rights have been violated by the injunction.
 
 
 12
 After a review of the applicable law and the record, we find no error below. Accordingly, we affirm on the reasoning of the district court. United States v. Music Masters, Ltd., 621 F.Supp. 1046 (W.D.N.C.1985). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 13
 AFFIRMED.